# United States Bankruptcy Court

Middle District of Alabama (Dothan)

| | |
|---|---|
| In re Greg W. Howard / Sandra E. Howard, ) | |
| ) | |
| Debtor ) | Case No. 10-10511    Address: |
| 3031 Highway 134 E ) | |
| Headland, AL 36345 ) | |
| ) | Chapter 13 |
| Last four digits of Social-Security or Individual Tax- ) | |
| Payer-Identification No(s): 7127 / 3702 ) | |
| ) | |

OBJECTION OF MASSACHUSETTS DEPARTMENT OF REVENUE,
CHILD SUPPORT ENFORCEMENT DIVISION
TO CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 13 PLAN

Now comes the Child Support Enforcement Division of the Massachusetts Department of Revenue ("MDOR/CSE"), a priority domestic support obligation creditor, and hereby objects to the confirmation of the Debtor's Chapter 13 Plan under 11 U.S.C. § 1322(a)(2). In support thereof, MDOR/CSE states as follows:

1. On March 23, 2010, Greg W. Howard ("Debtor") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

2. The Massachusetts Legislature has designated MDOR/CSE as "the single state agency within the commonwealth that is designated the IV-D agency pursuant to Title IV, Part D of the Social Security Act [42 U.S.C. §§ 651 et seq.] . . ." M.G.L. c. 119A, § 1. Therefore, MDOR/CSE is charged with collecting the domestic support obligations owed by the Debtor.

3. On March 23, 2010, the Debtor filed a Chapter 13 Plan ("Plan"). The Plan provides for payment of a domestic support obligation owed to Valerie Mitchell in the amount of $7,680.62. The Plan has not yet been confirmed.

4. On May 24, 2010, MDOR/CSE filed a priority proof of claim on behalf of Valerie Mitchell in the amount of $99,850.86 under 11 U.S.C. § 507(a)(1)(A). See Claim No. 11.

5. The Debtor's Plan cannot be confirmed if Debtor fails to provide for payment in full of his pre-petition domestic support obligation. See 11 U.S.C. § 1322 (a).

6. Debtor has not submitted an Amended Plan which provides for full payment of MDOR/CSE's proof of claim, which is deemed allowed under 11 U.S.C. §502(a).

WHEREFORE, MDOR/CSE respectfully requests that this Honorable Court:

1. Sustain MDOR/CSE's objection;
2. Enter an Order denying confirmation of the Plan;
3. In the alternative, issue an Order directing the Debtor to file an Amended Chapter 13 Plan which will provide for full payment of the priority claim being enforced by MDOR/CSE;
4. For such other and further relief as this Court deems just and proper.

DATED: June 11, 2010

/s/ Jodi B. Rowland-Lowney
Jodi B. Rowland-Lowney, Esq.
BBO # 667709
Department of Revenue
Child Support Enforcement Division
P.O. Box 9561
Boston, MA 02114-9561
(617) 626-2138
rowlandloj@dor.state.ma.us

CERTIFICATE OF SERVICE

I, Jodi B. Rowland-Lowney, Counsel to the Commissioner of the Child Support Enforcement Division of the Massachusetts Department of Revenue, do hereby certify that on June 11, 2010, I electronically filed the above document using the CM/ECF system. I served the foregoing document on the following CM/ECF participants:

Michael D. Brock, Esquire
Curtis C. Reding, Trustee

I certify that on this date I served a copy of same on the following non-CM/ECF participants listed below by first class mail, postage prepaid.

Greg W. Howard / Sandra E. Howard
3031 Highway 134 E
Headland, AL 36345

Signed under the pains and penalties of perjury on June 11, 2010.

/s/ Jodi B. Rowland-Lowney
Jodi B. Rowland-Lowney